**FITAPELLI & SCHAFFER, LLP**
Hunter G Benharris
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISHMEL JOHNSON,<br><br>**Plaintiff,**<br><br>-against-<br><br>CORPORATE EXPRESS, INC., CRAIG CONTE individually, ROBERT DEDOMENICO individually, and DANIEL CONTE individually,<br><br>**Defendants.** | No:<br><br>COMPLAINT |

Ishmel Johnson ("Plaintiff") upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover overtime compensation and other damages for Plaintiff, arising from his employment by Corporate Express, Inc., Craig Conte, Robert DeDomenico, and Daniel Conte (collectively, "Corporate Express" or "Defendants").

2.      Owned and operated by Defendants Craig Conte ("C. Conte"), Robert De Domenico ("Domenico"), and Daniel Conte ("D. Conte"), Corporate Express provides chartered travel services throughout New York City and New Jersey.

3.      At all relevant times, Defendants have compensated Plaintiff on a daily rate or "day rate" basis

4. At all relevant times, Defendants have failed to compensate Plaintiff at the full applicable minimum wage rate

5. Despite being a non-exempt employee, Defendants failed to properly pay Plaintiff overtime compensation at 1.5 times their regular rate of pay when they work over 40 hours per week.

6. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

7. Plaintiff also brings this action to remedy violations of the New York Labor Law, Article 6, §§ 190 *et seq.* ("NYLL"), and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

**Plaintiff**

**Ishmel Johnson**

8. Ishmel Johnson ("Johnson") is an adult individual who is a resident of the State of Georgia.

9. Johnson was employed by Corporate Express as a "driver" from on or January 2011 to on or about December 18, 2019.

10. Johnson is a covered employee within the meaning of the FLSA and the NYLL.

11. A written consent form for Johnson is being filed with this Complaint.

**Defendants**

12. Defendants jointly employed Plaintiff at all times relevant.

13. Each Defendant has had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

14. During all relevant times, Defendants have been Plaintiff's employers within the meaning of the FLSA, and the NYLL.

**Corporate Express, Inc.**

15. Corporate Express, Inc. is a domestic business corporation organized and existing under the laws of New York.

16. Corporate Express, Inc. was and is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed Plaintiff.

17. Corporate Express, Inc. has maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices that applied to him.

18. Upon information and belief, at all relevant times, Corporate Express, Inc. has had an annual gross volume of sales in excess of $500,000.

**Craig Conte**

19. At all relevant times herein, C. Conte has owned and/or operated Corporate Express, Inc.

20. Upon information and belief, C. Conte is a resident of the State of New York.

21. According to media sources, C. Conte is an owner/operator of Corporate Express.[1]

22. C. Conte lists himself as a Manager of Corporate Express on both his personal LinkedIn page.[2]

23. Furthermore, C. Conte identifies himself as a manager of Corporate Express in professional reviews he leaves on commercial websites.[3]

24. C. Conte maintains a direct and significant management role at Corporate Express.

---

[1] *See* https://www.prlog.org/10418066-corporate-express-inc-truly-full-service-bus-rental-company.html
[2] *See* https://www.linkedin.com/in/craig-conte-81238a20/
[3] *See* https://legacyrealtynj.com/testimonials/

In this regard, Johnson identified C. Conte as an owner of Corporate Express and as Johnson's supervisor.

25. At all relevant times, C. Conte has had the power over payroll decisions at Corporate Express, including the power to retain time and/or wage records.

26. At all relevant times, C. Conte has been actively involved in managing the day to day operations of Corporate Express.

27. At all relevant times, C. Conte has had the power to stop any illegal pay practices that harmed Plaintiff at Corporate Express.

28. At all relevant times, C. Conte has had the power to transfer the assets and/or liabilities of Corporate Express.

29. At all relevant times, C. Conte has had the power the declare bankruptcy on behalf of Corporate Express.

30. At all relevant times, C. Conte has had the power to enter into contracts on behalf of Corporate Express.

31. At all relevant times, C. Conte has had the power to close, shut down, and/or sell Corporate Express.

32. C. Conte is a covered employer within the meaning of the FLSA, the NYLL, and the NJWL and at all relevant times, he has employed and/or jointly employed Plaintiff.

**Robert DeDomenico**

33. At all relevant times herein, DeDomenico has owned and/or operated Corporate Express, Inc.

34. Upon information and belief, DeDomenico is a resident of the State of New Jersey.

35. According to media sources, DeDomenico is an owner of a Corporate Express and

should be contacted for business inquiries.[4]

36. DeDomenico lists himself as the President of Corporate Express on his LinkedIn.[5]

37. DeDomenico maintains a direct and significant management role in Corporate Express. In this regard, Johnson identified DeDomenico as an owner of Corporate Express and as Johnson's supervisor.

38. At all relevant times, DeDomenico has had the power over payroll decisions at Corporate Express, including the power to retain time and/or wage records.

39. At all relevant times, DeDomenico has been actively involved in managing the day to day operations of Corporate Express.

40. At all relevant times, DeDomenico has had the power to stop any illegal pay practices that harmed Plaintiff at Corporate Express.

41. At all relevant times, DeDomenico has had the power to transfer the assets and/or liabilities of Corporate Express.

42. At all relevant times, DeDomenico has had the power the declare bankruptcy on behalf of Corporate Express.

43. At all relevant times, DeDomenico has had the power to enter into contracts on behalf of Corporate Express.

44. At all relevant times, DeDomenico has had the power to close, shut down, and/or sell Corporate Express.

45. DeDomenico is a covered employer within the meaning of the FLSA and the NYLL at all relevant times, he has employed and/or jointly employed Plaintiff.

---

[4] *See* https://www.prlog.org/10418066-corporate-express-inc-truly-full-service-bus-rental-company.htmls
[5] *See* https://www.linkedin.com/in/robbert-dedomenico-018623170

**Daniel Conte**

46. At all relevant times herein, D. Conte has owned and/or operated Corporate Express, Inc.

47. Upon information and belief, D. Conte is a resident of the State of New York.

48. D. Conte maintains a direct and significant management role in Corporate Express. In this regard, Johnson identified D. Conte as an owner of Corporate Express and as Johnson's supervisor.

49. At all relevant times, D. Conte has had the power over payroll decisions at Corporate Express, including the power to retain time and/or wage records.

50. At all relevant times, D. Conte has been actively involved in managing the day to day operations of Corporate Express.

51. At all relevant times, D. Conte has had the power to stop any illegal pay practices that harmed Plaintiff at Corporate Express.

52. At all relevant times, D. Conte has had the power to transfer the assets and/or liabilities of Corporate Express.

53. At all relevant times, D. Conte has had the power the declare bankruptcy on behalf of Corporate Express.

54. At all relevant times, D. Conte has had the power to enter into contracts on behalf of Corporate Express.

55. At all relevant times, D. Conte has had the power to close, shut down, and/or sell Corporate Express.

56. D. Conte is a covered employer within the meaning of the FLSA and the NYLL at all relevant times, he has employed and/or jointly employed Plaintiff.

## JURISDICTION AND VENUE

57. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

58. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

59. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants conduct business in this District.

## FLSA ALLEGATIONS

60. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff.

61. Consistent with Defendants' policies and patterns or practices, Plaintiff was not paid the proper minimum wage for all hours worked up to 40 per workweek and premium overtime compensation for all hours worked beyond 40 per workweek.

62. All of the work that Plaintiff has performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff has performed.

63. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff. This policy and pattern or practice includes, but is not limited to:

>(a) willfully failing to pay Plaintiff minimum wages for all hours worked up to 40 per workweek and premium overtime wages for all hours worked in excess of 40 hours per workweek; and

(b) willfully failing to record all of the time that Plaintiff has worked for the benefit of Defendants.

64. Defendants are aware or should have been aware that federal law required them to pay Plaintiff minimum wage for all of the hours they worked up to 40 per workweek and overtime premiums for all hours worked in excess of 40 hours per workweek.

## NEW YORK LABOR LAW ALLEGATIONS

65. Defendants are liable under the NYLL for, *inter alia*, failing to properly compensate Plaintiff.

66. Consistent with Defendants' policies and patterns or practices, Plaintiff was not paid the proper minimum wage for all hours worked up to 40 per workweek and premium overtime compensation for all hours worked beyond 40 per workweek as required by the NYLL.

67. Furthermore, Plaintiff was not provided with spread of hours pay when he worked over 10 hours per work day as required by the NYLL

## PLAINTIFF'S FACTUAL ALLEGATIONS

68. Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff as follows:

**Ishmel Johnson**

69. Johnson was employed by Defendants as a "driver" from on or January 2011 to on or about December 18, 2019.

70. Monday through Friday, Defendants would generally assign Johnson a vehicle which he would pick up from Defendants' depot, located at 47th Street, Long Island City, New York, 11101 at approximately 6:30 a.m., he would then drive this vehicle to his assigned jobsite in New York, New York, getting to his site at approximately 8:00 a.m., he would then stay in his

vehicle providing shuttle services for Defendants' clients until approximately 7:00 p.m., then he would drive Defendants' vehicle back the Long Island City Depot, depositing it there at approximately 8:00 p.m., for a totally of 12 hours per day.

71. Saturday through Sunday Defendants would generally assign Johnson a vehicle which he would pick up from Defendants' depot, located at 47th Street, Long Island City, New York, 11101 at approximately 8:00 a.m., he would then drive this vehicle to his assigned jobsite in New York, New York, getting to his site at approximately 10:00 a.m., he would then stay in his vehicle providing shuttle services for Defendants' clients until approximately 6:00 p.m., then he would drive Defendants' vehicle back the Long Island City Depot, depositing it there at approximately 7:00 p.m., for a totally of 11 hours per day.

72. Johnson generally worked this schedule for 7 days per week, resulting in Johnson working approximately 82 hours per week.

73. At all relevant times, Defendants compensated Johnson at a rate of $140.00 per day for his work Monday through Friday and $100.00 for his work Saturday through Sunday.

74. During portions of his employment, Johnson received less than the applicable minimum wages for all hours worked.

75. Despite regularly working over 40 hours per workweek, Defendants failed to compensate Johnson with proper overtime compensation of 1.5 times his regular rate of pay for all hours he was suffered or permitted to work in excess of 40 hours per workweek.

76. Throughout his employment, Johnson would work shifts of over ten hours from beginning to the end of his shift. Despite working shifts of over ten hours, Defendants failed to provide Johnson with spread of hours pay as required by the NYLL.

77. Throughout his employment, Defendants failed to provide Johnson with accurate

wage statements with each payment of wages as required by the NYLL.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wages

78. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

79. At all times relevant, Plaintiff was employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

80. At all times relevant, Plaintiff was or has been an employee within the meaning of 29 U.S.C §§ 201 et seq.

81. At all times relevant, Defendants have been employers of Plaintiff, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C §§ 201 et seq.

82. Defendants have been required to pay directly to Plaintiff the full minimum wage rate for all hours worked.

83. Defendants failed to pay Plaintiff at the applicable minimum hourly rate for all hours worked.

84. As a result of Defendants willful violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
**Fair Labor Standards Act – Overtime Wages**

85. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

87. Plaintiff worked in excess of 40 hours during workweeks in the relevant period.

88. Defendants failed to pay Plaintiff the premium overtime wages to which he was entitled under the FLSA – at a rate of 1.5 times their regular rate of pay for all hours worked in excess of 40 per workweek.

89. As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## THIRD CAUSE OF ACTION
**New York Labor Law – Overtime Wages**

90. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

91. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff.

92. Defendants failed to pay Plaintiff the premium overtime wages to which he was entitled under the NYLL and the supporting New York State Department of Labor Regulations – at a rate of 1.5 times his regular rate of pay – for all hours worked beyond 40 per workweek.

93. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from

Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
### New York Labor Law – Spread of Hours Pay

94. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

95. Defendants have failed to pay Plaintiff compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of his workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

96. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread of hours wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements

97. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

98. Defendants failed to supply Plaintiff with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net

wages.

99. Due to Defendants' violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

A. Unpaid overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

B. Unpaid overtime wages and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

C. Statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

D. Prejudgment and post-judgment interest;

E. Reasonable attorneys' fees and costs of the action; and

F. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
September 30, 2020

Respectfully submitted,

Hunter G Benharris

**FITAPELLI & SCHAFFER, LLP**
Hunter G Benharris
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff*

## FAIR LABOR STANDARDS ACT CONSENT

1.    I consent to be a party plaintiff in a lawsuit against Corporate Express, Inc. and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.    By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_____
Signature

_____
Full Legal Name (Print): Ishmel Johnson