UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ISHMEL JOHNSON,

                                        Plaintiff,

        -against-

CORPORATE EXPRESS, INC., CRAIG CONTE
individually, ROBERT DEDOMENICO individually,
and DANIEL CONTE individually,

                                        Defendants.

Case No.: 1:20-CV-4627 (LDH-MMH)

---

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS

**FORD HARRISON LLP**

Philip K. Davidoff, Esq.
Jeffrey A. Shooman, Esq.
366 Madison Avenue, 7th Floor
New York, NY 10017
(212) 453-5900

## PRELIMINARY STATEMENT

Defendants answered Plaintiff's wage and hour complaint and asserted counterclaims under the faithless servant doctrine and unjust enrichment. Defendants allege that Plaintiff misused the company credit card, which was only to be used to purchase gasoline for Defendants' fleet of vehicles, for his own purposes (*i.e.* to fill up his own vehicle with gasoline), and to enrich himself by filling other people's vehicles with gasoline with the credit card and pocketing their cash in return.

In short, Defendants' counterclaims could easily operate as a setoff to any damages he claims in his case against Defendants or operate to bar them entirely. Plaintiff filed a motion to dismiss, arguing that this Court has no jurisdiction over the counterclaims because they are permissive and not compulsory. But that is not correct. Defendants' counterclaims are inextricably intertwined with Plaintiff's claims. Under well-established Second Circuit law, Defendants need only show a "loose" connection between the main claims and the counterclaims. Plaintiff seemingly ignores the fact that the "logical connection" required to render the counterclaims compulsory is that they may drive a stake through Plaintiff's wage and hour claims. Plaintiff would have Defendants bring a separate lawsuit in state court to recover monies even though Plaintiff's conduct may be a bar to his wage and hour claims, or at the very least, Defendants would be entitled to a setoff.

This logical connection between the main claims and the counterclaims are obvious as a matter of common sense and in light of the case law supporting that common sense. For the reasons set forth in greater detail below, Plaintiff's motion to dismiss should be denied in its entirety.

## BACKGROUND

Plaintiff filed this Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") Complaint against Defendants on September 30, 2020.  (ECF No. 1).  Defendants filed their Answer and Counterclaims on December 14, 2020.  (ECF No. 8).  Defendants asserted faithless servant and unjust enrichment counterclaims based on the following facts:

As a driver for Defendants, Plaintiff was provided with a company credit card to utilize for the sole purpose of filling the vehicle with gasoline.  *Id.* at ¶ 13.  On multiple occasions, including but not limited to, November 23, 2019, Plaintiff engaged in a scheme to steal money from Defendants.  *Id.* at ¶ 14.  Plaintiff's scheme involved charging not only his vehicle's gasoline charges to the Company credit card but also filling other individual's vehicles with gasoline and charging the gasoline to the Company credit card.  *Id.* at ¶ 15.  Plaintiff would then receive cash payments from the other individual for the cost of the gasoline.  *Id.* at ¶ 16.  It is estimated that Plaintiff stole hundreds, if not thousands, of dollars from Defendants by utilizing this scheme.  *Id.* at ¶ 17.

Plaintiff filed a motion to dismiss Defendants' counterclaims.

## LEGAL STANDARD

To survive a Rule 12(b)(1) motion to dismiss, the party asserting jurisdiction "has the burden of proving by a preponderance of the evidence that [subject matter jurisdiction] exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  On such a motion, "the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction."  *Tandon v. Captain's Cove Marina of Bridgeport, Inc.,* 752 F.3d 239, 243 (2d Cir. 2014).

Compulsory counterclaims are those that arise out of the same "transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1). The Second Circuit has held that this standard is met when there is a "logical relationship between the counterclaim and the main claim." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004) (internal quotation marks omitted). "[T]he logical relationship test does not require an absolute identity of factual backgrounds, [but] the essential facts of the claims must be so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Id.* (internal quotation marks and citations omitted). This standard is more stringent than the "common nucleus of operative fact" standard governing supplemental jurisdiction; accordingly, compulsory counterclaims automatically meet the requirements of Section 1367(a).[1] *Turban v. Bar Giacosa Corp.*, No. 19-CV-1138 (JMF), 2019 WL 3495947, at *3 (S.D.N.Y. Aug. 1, 2019).

Critically, the Second Circuit in *Jones* wrote that Section 1367 may require only a "loose factual connection between the claims" for counterclaims to be compulsory. *Jones*, 358 F.3d at 213.

## ARGUMENT

### I.    Defendants' Counterclaims Are Logically Related to Plaintiffs' Wage and Hour Claims

Plaintiff omits from his motion the clearly articulated manner in which Defendants' counterclaims are inseparable from their affirmative defenses which speak directly to whether Plaintiff is entitled to recover damages under the FSLA or NYLL.  Plaintiff chiefly relies on *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447 (S.D.N.Y. 2008), in maintaining that

---

[1] Given that compulsory counterclaims "automatically" satisfy supplement jurisdiction, it is unnecessary to delve into the "common nucleus of operative fact" inquiry.

Defendants' counterclaims are permissive. But as at least one court has recognized that *Torres*, assuming it was even correctly decided, is inapposite and an outlier in deciding the compulsory nature of counterclaims. *Markbreiter v. Barry L. Feinberg, M.D., P.C.*, No. 09 CIV. 5573 (LAK), 2010 WL 334887, at *1–2 (S.D.N.Y. Jan. 29, 2010), is instructive. There, defendants alleged plaintiff in a wage and hour case was dishonestly taking kickbacks in the course of her employment. Defendant brought a faithless servant counterclaim against plaintiff.

In this case, as Plaintiff would have it, the kickback claim could not be brought as a compulsory counterclaim. The *Markbreiter* court rejected this position, holding the counterclaim compulsory. There need only be a "logical connection" which may be "loose" for the counterclaim to be compulsory. *Id.* Defendants here seek disgorgement of monies he collected through theft— not a kickback, *per se*, but a fraudulent act nonetheless. The "logical connection" is that Plaintiff claims he was not compensated for overtime while, simultaneously, stealing from the company. The Court found that *Torres* "was quite a different case." *Id. Markbreiter* held that there was a logical connection between plaintiff's overtime claims and her taking kickbacks—conceivably while during her working hours, which discovery may show in this case happened here, too.

The Court is compelled to accept Defendants' allegations as true at this juncture; Defendants have alleged theft (and do not need to plead the contours of the theft[2] and the theft claim is logically connected with Plaintiff's overtime claims because "under the faithless servant doctrine, a faithless employee forfeits the right to compensation, at least for services that are tainted by the dishonesty and perhaps more broadly." *Id.*; *accord Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 146–47 (2d Cir. 1998).

---

[2] Notably, Plaintiff did not file a motion to dismiss under Fed. R. Civ. P. 12(b)(6), waiving any argument that Defendants' allegations are not plausible.

As Judge Kaplan wrote in *Markbreiter*, sensibly tying the counterclaim to damages that may arise from the counterclaim, "Defendants therefore have a cause of action against plaintiff for damages for her alleged dereliction of duty. So, even if such a claim is not an "affirmative defense" in the sense that it is an independent bar to plaintiff's recovery, a matter I need not now decide, it does give rise to a partial defense on a theory of recoupment or setoff."  That analysis applies perforce here given Defendants' unjust enrichment and "faithless servant" counterclaims. *See also Stefanovic v. Old Heidelberg Corp.*, No. 18 CV 2093-LTS-KNF, 2019 WL 3745657, at *2 (S.D.N.Y. Aug. 8, 2019) ("[T]he [faithless servant] counterclaim forms part of the same case or controversy as the claims already before the Court and is thus within the Court's supplemental jurisdiction.").

Of relevance here, under the faithless servant doctrine, an employer also is entitled to disgorge the value of any bribes or kickbacks received by a faithless employee. *British Am. & E. Co. v. Wirth Ltd.,* 592 F.2d 75, 79 (2d Cir. 1979) ("[W]here there is an agency relationship, the principal is entitled to recover any monies paid as commercial bribes to his agent."); *W. Elec. Co.,* 41 N.Y.2d at 295, 392 N.Y.S.2d at 412, 360 N.E.2d at 1094 ("[A]ny compensation secretly or improperly received from others beyond the compensation to which the employee is entitled is deemed to be held by him on a constructive trust for his employer.").  These cases posit yet another "logical connection" between Plaintiff's claims and Defendants' counterclaims: that his illicit conduct maybe considered "compensation" much like his "legal compensation"; the logical relationship is that an employee's compensation are two logically connected buckets.  It may be a "loose" connection, but that is all that is required to render Defendants' counterclaims compulsory. *See also Henry v. Concord Limousine*, Inc., No. 13-CV-0494 JS WDW, 2014 WL 297303, at *5

(E.D.N.Y. Jan. 24, 2014) (refusing to dismiss defendants' disgorgement claim related to illicit kickbacks received by plaintiff).

Other out-of-circuit cases on this issue similarly hold that counterclaims logically connected to a plaintiff's FLSA claim are compulsory. *See, e.g.*, *Nicopior v. Moshi Moshi Palm Grove*, LLC, 375 F. Supp. 3d 1278, 1286 (S.D. Fla. 2019) ("The same reasoning applies to the facts of this case because Plaintiffs' FLSA claim arises from the same transaction or occurrence as Defendants' counterclaims for conversion and unjust enrichment. This means that Plaintiffs' FLSA claim involves the same set of facts as Defendants' counterclaims because they each relate to whether Plaintiffs were stealing rather than working during the hours Plaintiffs allege that they should have been compensated."); *Jagroop v. Moran Foods, LLC*, 2014 WL 12600721, at *1 (S.D. Fla. Mar. 4, 2014) ("Defendants' Counterclaims share a common nexus of operative facts with those facts that will be litigated as to Plaintiffs' claims: Plaintiff Lambert's employment with Defendant, and specifically, (1) what Plaintiff Lambert was actual doing during the time when he claimed to have been working more than forty hours per week for Defendant, and (2) the amount Plaintiff Lambert has already been compensated."); *Reyes v. Bona 1372, Inc.*, No. 1:17-CV-16, 2018 WL 1868106, at *4 (E.D. Tex. Mar. 15, 2018), *report and recommendation adopted*, No. 1:17-CV-16, 2018 WL 1863529 (E.D. Tex. Apr. 17, 2018) (finding all counterclaims compulsory where "[t]he issues of fact and law raised by the parties' claims and counterclaims are largely the same because the jury's conclusions on these factual questions will help determine all of the claims simultaneously.")

Plaintiff's motion should be denied because there is a logical connection between his FLSA and NYLL claims, and the counterclaims.

## II.     The Faithless Servant and Unjust Enrichment Counterclaims Would Not Predominate Over Plaintiff's Wage And Hour Claims

Plaintiff contends that if the Court were to exercise supplemental jurisdiction over the counterclaims, they would predominate over Plaintiff's wage and hour claims.  This argument is nonsense.  A state law claim predominates over a federal claim only when the number of people its resolution will affect overwhelms those impacted by the federal claim.  *Bray v. City of New York*, 356 F. Supp. 2d 277, 284 (S.D.N.Y. 2004) (citing *Bu v. Benenson*, 181 F. Supp. 2d 247, 254 (S.D.N.Y. 2001)).  That is simply not the case here.  The scope of this case will not broaden so widely as to prejudice Plaintiff.  Minimal evidence will be needed to be prove that and depositions will flesh out the particulars of the theft issue.

Moreover, the counterclaims do not predominate because they relate to a defense. Defendants squarely allege Plaintiff misused the company credit card; far from an issue that "predominates," that is an issue that goes to "a partial defense on a theory of recoupment or setoff." *Markbreiter*, 2010 WL 334887, at *2.  Simply stated, "[t]he proof, scope of the legal issues involved, and remedies available under these claims are seemingly coextensive with the counterclaims." *Padilla v. Clovis & Roche, Inc.*, No. 1:07-CV-00267, 2007 WL 4264582, at *4 (N.D.N.Y. Nov. 30, 2007) (citing *Lynch v. U.S. Automobile Ass'n*, 2007 WL 3355506, at * 4 (S.D.N.Y. Nov.8, 2007)).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss Defendants' counterclaims should be denied in its entirety.

Dated: August 26, 2021

Respectfully submitted:

**FORD HARRISON LLP**

_____ s/ _____

Philip K. Davidoff, Esq.
Jeffrey A. Shooman, Esq.
366 Madison Avenue, 7th Floor
New York, NY 10017
(212) 453-5900

8