UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ISHMEL JOHNSON,

                            Plaintiff,

v.

CORPORATE EXPRESS, INC., CRAIG CONTE, ROBERT DEDOMENICO, and DANIEL CONTE,

                            Defendants.

**MEMORANDUM AND ORDER**

20-CV-4627 (LDH) (MMH)

---

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

Ishmel Johnson ("Plaintiff") brings this action against Corporate Express, Inc. ("Corporate Express"), Craig Conte, Robert DeDomenico, and Daniel Conte (collectively, "Defendants") alleging violations of the minimum wage and overtime wage provisions of the Fair Labor Standards Act ("FLSA") and violations of the spread of hours pay, overtime wage, and accurate wage statements provisions of the New York Labor Law ("NYLL"). Corporate Express brings counterclaims for faithless servant and unjust enrichment. Plaintiff moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the counterclaims.

## BACKGROUND[1]

Plaintiff worked as a driver for Corporate Express from about January 2011 through December 18, 2019. (Countercls. ¶ 11, ECF No. 8.) As a driver, Plaintiff was provided with Corporate Express' credit card to use for filling his company vehicle with gas. (*Id.* ¶ 13.) According to Corporate Express, "on multiple occasions, including but not limited to, November 23, 2019," Plaintiff engaged in a scheme to receive cash payment in exchange for filling other

---

[1] The following facts are taken from Corporate Express' counterclaims and, unless otherwise indicated, are assumed to be true for the purposes of this memorandum and order.

individuals' vehicles with gas charged to Corporate Express' company credit card. (*Id*. ¶¶ 14, 15, 16.) Plaintiff allegedly stole "hundreds of dollars" from Corporate Express by utilizing this scheme. (*Id*. ¶ 17.)

## STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). The party asserting subject matter jurisdiction "has the burden of establishing beyond a preponderance of evidence that it exists." *Id.* "In reviewing a Rule 12(b)(1) motion to dismiss, the court 'must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to plaintiff[].'" *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)). Further, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

## DISCUSSION

Corporate Express does not dispute that its counterclaims lack an independent basis for federal question or diversity jurisdiction under 28 U.S.C. §§ 1331–32. Rather, Corporate Express argues that its counterclaims are compulsory, and therefore the Court need not reach the issue of whether the Court should exercise supplemental jurisdiction under 28 U.S.C. § 1367(a). (Defs.' Mem. L. Opp'n Mot. Dismiss ("Defs.' Mem.") at 3, ECF No. 24.) Of course, "no independent basis of federal jurisdiction is needed for the court to adjudicate the ancillary issues" raised in compulsory counterclaims. *Scott v. Long Island Sav. Bank, F.S.B.*, 937 F.2d 738, 742

(2d Cir. 1991) (quoting *Harris v. Steinem*, 571 F.2d 119, 121 (2d Cir. 1978)).  However, the Court disagrees with Corporate Express that its counterclaims are compulsory.

Federal Rule of Civil Procedure 13(a) defines a counterclaim as "compulsory," as opposed to permissive, if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction."  Fed. R. Civ. P. 13(a).  Put another way, a counterclaim is compulsory, "when there is a 'logical relationship' between the counterclaim and the main claim."  *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004) (citation omitted).  The Second Circuit has established that the "logical relationship" test is satisfied "[if] the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'"  *Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc.*, 233 F.3d 697, 699 (2d Cir. 2000) (alteration omitted) (quoting *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991)).

Corporate Express maintains that their counterclaims are compulsory because they are logically connected to whether Plaintiff may recover damages under the FLSA or NYLL. (Defs.' Mem. at 3.)  Not so.  A review of the parties' allegations makes this evident.  On the one hand, Plaintiff alleges that Defendants failed to pay him minimum and overtime wages, spread of hours pay, and failed to provide accurate wage statements, during his employment at Corporate Express.  (Compl. ¶¶ 63, 66–67, 77, ECF No. 1.)  On the other hand, Corporate Express alleges that Plaintiff engaged in a scheme to steal money from Defendants by misusing Corporate Express' company credit card.  (Countercls. ¶¶ 14, 15.)  Its allegations, Corporate Express argues, would disentitle Plaintiff to the damages he seeks, at least in part, through his wage and hour claims.  Corporate Express' argument is not without some basis.  That is, under New

York's faithless servant doctrine, "[o]ne who owes a duty of fidelity to a principal and who is faithless in the performance of his services is generally disentitled to recover his compensation, whether commissions or salary." *Phansalkar v. Andersen Weinroth & Co.*, 344 F.3d 184, 200 (2d Cir. 2003) (quotation marks and citation omitted).

However, in the face of facts substantially similar to those present here, courts in this circuit have refused to find the faithless servant counterclaim compulsory. For example, in *Torres v. Gristede's Operating Corporation*, the court was tasked with determining if defendant's faithless servant counterclaim was compulsory where a class of employees brought wage and hour claims under the FLSA and NYLL. *See Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 466 (S.D.N.Y. 2008). The defendant's counterclaim specifically alleged that the named plaintiff sexually harassed coworkers and lied on his employment application, which forced the defendant to incur costs for an investigation of the alleged misconduct. *Id*. The defendant also alleged that another named plaintiff misused a customer's credit card, which cost about $2,000 to investigate. *Id*. The court found the counterclaims were not compulsory because the "discrete allegations of misconduct" were not related in any aspect to plaintiffs' claims challenging the defendant's chain-wide compensation practices. *Id*. at 467; *see also*, *id*. at 467–68 ("[T]hat [the counterclaims] arise out of the same employer-employee relationship," on its own, "will not support a finding that the counterclaims are compulsory."). Moreover, the court found that the facts necessary to prove the counterclaims and overtimes claims were "not so closely related that resolving both sets of issues . . . would yield judicial efficiency." *Id*. at 468 (quoting *Jones*, 358 F.3d at 210). The reasoning applied in *Torres* applies equally here.[2]

---

[2] *See also Ozawa v. Orsini Design Assocs., Inc.*, No. 13-CV-1282, 2015 WL 1055902, at *11–12 (S.D.N.Y. Mar. 11, 2015) (finding the defendants' counterclaim alleging that the plaintiff was paid for leave-time already used was "essentially distinct" from plaintiff's wage and hour claims under the FLSA and NYLL).

4

Corporate Express' heavy reliance on the decision in *Markbreiter v. Barry L. Feinberg, M.D., P.C.*, is misplaced. (*See* Defs.' Mem. at 4–5.) In *Markbreiter*, the plaintiff was a secretary and office manager who brought claims alleging unpaid overtime wages in violation of the FLSA and NYLL. *Markbreiter v. Barry L. Feinberg, M.D., P.C.*, No. 09-CV-5573, 2010 WL 334887, at *1 (S.D.N.Y. Jan. 29, 2010). The defendant brought affirmative defenses and counterclaims based on the faithless servant doctrine. *Id*. Specifically, the defendant alleged that the plaintiff wrongfully diverted patients who called defendant's business to other physicians in exchange for kickbacks while at work. *Id*. The court found that defendant's counterclaim was compulsory where it "necessarily involve[d] the question whether plaintiff was doing what defendants hired her to do during the hours for which they paid her." *Id.* at *1–2.

Here, Corporate Express' allegations are not "inseparable" from the wage and hour claims, as Corporate Express insists. Indeed, unlike *Markbreiter*, in this case there is no allegation that Plaintiff engaged in his supposed scheme while being expected and paid to perform his job as a driver. Nor does Corporate Express allege that Plaintiff failed to perform his job. Instead, Corporate Express only alleges that Plaintiff's wrongful conduct occurred "[o]n multiple occasions, including but not limited to, November 23, 2019[.]" (Countercls. ¶ 14.) But there is no basis to infer that Plaintiff conducted his scheme during his working hours or that his scheme interfered with the performance of his job.[3] Corporate Express' allegations simply do not implicate Plaintiff's wages and hours.

Where, as here, a court has determined that counterclaims are permissive and not compulsory, the "issue . . . becomes whether supplemental jurisdiction is available for [the]

---

[3] Plaintiff's paystub shows that he worked a total of 29 hours between November 17, 2019 and November 23, 2019. (Decl. of Hunter G Benharris Supp. Pl.'s Mot. Dismiss, Ex. A, ECF No. 23-3.) To accept that Plaintiff was working all 24-hours on November 23, 2019, and therefore was necessarily being paid by Corporate Express during the commission of his alleged scheme, is a leap too far.

5

counterclaims." *Jones*, 358 F.3d at 213.  District courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).  To exercise supplemental jurisdiction, "a federal court must first have before it a claim sufficient to confer subject matter jurisdiction." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 332 (2d Cir. 2011) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).  When a party asserts that state claims are within a court's supplemental jurisdiction, "the federal claim and state claim must stem from the same common nucleus of operative fact; in other words, they must be such that the [party] would ordinarily be expected to try them all in one judicial proceeding." *Id*. (quotation marks and citation omitted).  To determine whether two disputes arise from a common nucleus of operative facts, courts ask "whether the facts underlying the federal and state claims substantially overlapped or the federal claim necessarily brought the facts underlying the state claim before the court." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (alteration omitted) (quoting *Lyndonville Sav. Bank & Tr. v. Lussier*, 211 F.3d 697, 704 (2d Cir.2000)).

  Here, beyond Plaintiff's employment relationship, Defendants have not identified any factual overlap between their counterclaims and Plaintiff's claims.  Courts in this circuit have routinely found that "the employment relationship itself is insufficient to create a common nucleus of operative fact between a FLSA claim and a state law, non-wage claim." *Figurowski v. Marbil Invs.*, LLC, No. 14-CV-7034, 2015 WL 4000500, at *3 (E.D.N.Y. July 1, 2015) (quotation and citations omitted) (collecting cases); *see also Torres*, 628 F. Supp. 2d at 468 ("[T]he employment relationship does not establish a 'common nucleus of operative fact' where

6

it is the sole fact connecting Plaintiffs' federal overtime claims and [Defendants'] state law counterclaims."). This Court joins.

Further, exercising supplemental jurisdiction over the counterclaims would not lend to judicial efficiency. Because Corporate Express' counterclaims share no logical connection to Plaintiff's wage and hour claims, deciding the counterclaims in this action would, at a minimum, require additional party and third-party discovery not otherwise needed to determine Plaintiff's federal claims. At bottom, "[t]he essential facts for proving the counterclaims and the [plaintiff's] claim are not so closely related that resolving both sets of issues in one lawsuit would yield judicial efficiency." *Jones*, 358 F.3d at 210; *see*, *e.g.*, *Figurowski*, 2015 WL 4000500, at *4 n.3 (declining to exercise supplemental jurisdiction where state-law claims would require a "substantial amount of additional evidence and involve much broader issues than [p]laintiff's straightforward FLSA overtime claim"); *Thomas v. EONY LLC*, No. 13-CV-8512, 2015 WL 1809085, at *8 (S.D.N.Y. Apr. 21, 2015) (declining to exercise supplemental jurisdiction where party's "attempt to litigate largely unrelated nonfederal claims in the same action . . . would result in the engrafting of a distinct, more complicated litigation onto a straightforward wage and hour case"); *but see Nicholsen v. Feeding Tree Style, Inc.*, No. 12 CIV. 6236, 2014 WL 476355, at *3–4 (S.D.N.Y. Feb. 6, 2014) (exercising supplemental jurisdiction over a faithless servant counterclaim where both the counterclaim and the FLSA claim would require the court to determine whether the plaintiff had stolen a ledger recording employee work hours). Accordingly, the Court declines to exercise supplemental jurisdiction over Defendants' state-law counterclaims. *See First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 182 (2d Cir. 2004) ("The exercise of supplemental jurisdiction is left to the discretion of the district court[.]").

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to dismiss Defendants' faithless servant and unjust enrichment counterclaims is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
       March 31, 2022  L<small>A</small>SHANN D<small>E</small>ARCY HALL
                        United States District Judge